BRENT
*v.*
SHOUSE.

THE STATE on the relation of JOHN SHELTON et al., praying for a Mandamus *v.* the JUDGE OF THE SEVENTH JUDICIAL DISTRICT.

Where parties arrested for an offence punishable at hard labor appeared and waived the examination before the magistrate, whereupon the prosecuting witness—the magistrate refusing to force them to an examination—obtained from the District Court a writ of *mandamus* peremptorily ordering the magistrate to compel their appearance and examination, from which order the prisoners sought an appeal which was refused—*Held:* That under the Constitution the Supreme Court has appellate jurisdiction of questions of law in criminal cases where the offence charged is punishable with imprisonment at hard labor.

An appeal may be taken from a final decision of the District Court on any collateral question of law raised in a case on which the Supreme Court has appellate jurisdiction.

APPEAL from the Judge of the Seventh Judicial District, *John McVea*, J. *McVea & Hunter*, for relator.

MERRICK, C. J. The relators, it appears from the petition and answer, were arrested and brought before *Wm. D. Gayle, Esq.*, Justice of the Peace for the parish of East Feliciana, on an affidavit charging them with assaulting the prosecuting witness, with a dangerous weapon with intent to murder.

When the relators were brought before the magistrate they waived an examination and tendered their bonds for their appearance before the District Court. Their bonds were accepted, and they were discharged from custody.

Subsequently, the magistrate summoned the witnesses, and notified the accused to attend at his office, in order that the examination of the witnesses might be reduced to writing. The relators attended before the magistrate with counsel, and objected to go into an examination of the witnesses, on the ground that the magistrate had no further jurisdiction over them.

The magistrate being of the same opinion, bound the witnesses over to appear before the District Court, and refused to examine them.

Thereupon the prosecuting witness applied to the District Court for a *mandamus* to compel the magistrate to cause the relators to come before him and examine the witnesses, in order to perpetuate their testimony. After a hearing upon the application, the District Judge made the following decree, viz : " This case being taken up after regular assignment, and the law and the evidence being in favor of relator, it is therefore decreed, that the rule be made absolute ; that a *mandamus* issue peremptorily, commanding *W. D. Gayle*, Justice of the Peace, to proceed and examine the parties accused in the case of the *State* v. *John Shelton, James P. Shelton* and *James Mansker* ; that he cause said accused parties and the witnesses in said prosecution to appear before him on a day to be fixed by said *W. D. Gayle*, Justice of the Peace ; that he examine the witnesses on the part of the State, and the defendant, on oath ; that he reduce said depositions

SHELTON      to writing, and that he return said depositions with his proces verbal to the 7th
   *v.*      District Court for said parish, as the law directs ; the defendant to pay costs.
JUDGE 7TH J. DIS.
             From this decree the relators, as well as the magistrate, applied for an appeal,
which was refused them.

The present is an application for a rule against the District Judge, to show cause why a *mandamus* should not issue to compel him to grant the appeal.

The District Judge has accepted service and filed an answer in this court, and consents that if the same be insufficient, the *mandamus* issue at once.

He contends that his decision was right, and that the order of the court cannot work any injury to the parties.

The question before us is simply this, does an appeal lie from the order of the Judge ?

The offence charged against the relators appears to be one punishable by imprisonment at hard labor.   Phillip's Dig. p. 136, sec 9.

The Constitution gives this court appellate jurisdiction of questions of law, whenever the offence charged is punishable with imprisonment at hard labor. Const., Art. 62.

A question of law was then raised in the District Court in a case over which this court has appellate jurisdiction, and the question of law cannot be revised by this court in any other manner than by a direct appeal from the decision on this collateral matter affecting the rights of the accused, for the decision on this branch of the case is final.

Whether the District Judge was right or wrong in his conclusions in his judgment can be fully determined on appeal.

If he was wrong in ordering the Justice of the Peace, who had decided the case on his own convictions of the law, to bring the parties accused before him a second time and compel them by arrest or otherwise to submit to an examination which they had lawfully declined, then his decision might work an irreparable injury by extorting from the parties statements and admissions prejudicial to their rights.

It therefore appears to us that the parties, under the Constitution, have a *right* to appeal.   See *White* v. *Cazenave*, 14 A 57.

The *mandamus* must issue.